UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMMEAN RAMANI MOSS,

       Plaintiff,

v.
                                 Case No. 24-cv-12128
                                 HON. MARK A. GOLDSMITH

HEIDI WASHINGTON, et al.,

       Defendants.

_____/

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 43), (2) ADOPTING REPORT AND RECOMMENDATION (Dkt. 48), (3) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 50), (4) GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT (Dkt. 26), AND (5) DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE (Dkt. 34)**

This matter is before the Court on the two Report and Recommendations (R&Rs) of Magistrate Judge David R. Grand issued on 10/20/25 (Dkt. 43) and 2/3/26 (Dkt. 48), respectively. In the 10/20/25 R&R, the Magistrate Judge recommends that the Court deny Plaintiff Dammean Ramani Moss's motion for an order to show cause (Dkt. 34).[1] In the 2/3/26 R&R, the Magistrate Judge recommends that the Court grant Defendants' motion to dismiss and/or motion for summary judgment (Dkt. 26).[2]

Moss filed objections to the 2/3/26 R&R, only. See Obj (Dkt. 50). Defendants filed a response (Dkt. 51). The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

_____

[1] As to Moss's motion for order to show cause, the briefing also includes Defendants' response (Dkt. 37).

[2] As to Defendants' motion to dismiss and/or motion for summary judgment, the briefing also includes Moss's response (Dkt. 45) and Defendants' reply (Dkt. 46).

For the reasons set forth below, the Court (i) adopts the recommendations in both R&Rs, (ii) overrules Moss's objections, (iii) grants Defendants' motion to dismiss and/or motion for summary judgment, and (iv) denies Moss's motion for order to show cause.

## I. ANALYSIS

### A. 10/20/25 R&R

The parties have not filed objections to the 10/20/25 R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the 10/20/25 R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation. Accordingly, Moss's motion for order to show cause is denied (Dkt. 34).

### B. 2/3/26 R&R

The full relevant factual background is set forth in the R&R.  R. & R. at PageID.427–432. Moss brings claims under 42 U.S.C. § 1983 against four Michigan Department of Corrections officials, Heidi Washington, John Christiansen, Michael Desco, and Chad Williams.  Compl. at PageID.6–7 (Dkt. 1).[3]  Moss alleges that they retaliated against him in violation of his First, Eighth, and Fourteenth Amendment rights while he was housed at the Saint Louis Correctional Facility (SLF).  Id. at PageID.4–5.

The R&R recommends that the Court grant Defendants' motion to dismiss and/or motion for summary judgment leaving only Moss's First Amendment retaliation and Fourteenth Amendment due process claims against Desco, arising out of the SLF-426 grievance.  R. & R. at PageID.427.[4]

Moss objected to the R&R with a hand-written submission that is difficult to decipher. Obj. at PageID.451–461.  Defendants discern three objections and point out why they are not well taken.  See Resp.  To the extent that what Defendants have identified as his objections are his objections, they are not persuasive.  To the extent there are additional objections contained in his submission, the Court is unable to discern what they are.

### 1.  Objection 1

Moss first objects to the R&R's conclusion that he has not established Washington or Christiansen's personal involvement in any constitutional violations and they cannot be held liable for failing to supervise their subordinates.  Obj. at PageID.451–452.  Moss argues that his complaint contains "direct claims of constitutional violations" against Washington and

---

[3] As the R&R notes, in Moss's response to the motion to dismiss and/or motion for summary judgment, Moss states that he no longer wishes to pursue the claims against Williams.  R. & R. at PageID.430, n. 4.

[4] Defendants do not move to dismiss these claims.  Mot. at PageID.157.

Christiansen for the "issuance of a policy and custom that has allowed subordinates to violate [his] constitutional rights" in violation of <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658 (1978). <u>Id.</u> at PageID.451. He contends that his allegations do "not seek to hold them responsible as supervisors for the conduct of others but more so as the 'principal architect[s]' of the discriminatory policy." <u>Id.</u> at PageID.452.

Moss's objection does not show how there was any error in the R&R's conclusion—he merely disagrees with it, which is not a valid objection. <u>Howard v. Sec. of Health and Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991). Objection one is overruled.

### 2. Objection 2

Defendants determine that Moss's second objection is a mistaken understanding of the R&R's conclusion. Resp. at PageID.468–469. Defendants state that Moss believes that the Magistrate Judge recommended that his First and Fourteenth Amendment claims against Desco be dismissed. <u>Id.</u> However, the R&R did not make that recommendation. R. & R. at PageID.437 ("Desco does not ask the Court to dismiss any of those claims on the basis of exhaustion, and does not move the Court to dismiss Moss's First or Fourteenth Amendment claims, which therefore shall proceed through the discovery process."). Because Moss does not actually object to a conclusion in the R&R, this objection is overruled.

### 3. Objection 3

Defendants state that Moss's third objection is that he has sufficiently stated an Eighth Amendment claim against Defendants. Resp. at PageID.469. The R&R found that Moss had failed to state any claim against Washington and Christiansen because he did not adequately allege their personal involvement in any of his claims. R. & R. at PageID.433–435. The R&R also found that Moss failed to state an Eighth Amendment claim against Desco because the basis of his claim

4

is that Desco violated his Eighth Amendment rights by placing him in segregation and that placement in segregation, alone, is insufficient to state an Eighth Amendment claim for cruel and unusual punishment. R. & R. at PageID.439. Also, Moss alleges that his Eighth Amendment rights were violated because he was denied access to exercise, healthcare, the law library, and a legal writer. Id. at PageID.438. But he made no allegations that Desco had anything to do with these alleged harms. Id.

The Court does not see any error in the R&R's recommendation. Objection three is overruled.

## II. CONCLUSION

The Court adopts both R&Rs in their entirety (Dkts. 43, 48); overrules Moss's objections (Dkt. 50); grants Defendants' motion to dismiss and/or summary judgment (Dkt. 26); and denies Moss's motion for order to show cause (Dkt. 34).

**SO ORDERED.**

Dated: March 25, 2026          s/Mark A. Goldsmith
Detroit, Michigan               MARK A. GOLDSMITH
                                United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

5